STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

| | | |
|---|---|---|
| HEIDI L. WILLSON and<br>ALAN G. WILLSON<br><br>VS.<br><br>HOME DEPOT U.S.A., INC., alias, ABC INC., CORPORATION<br>and<br>WYNN-HOLT EQUIPMENT CORP., alias XYZ INC. CORPORATION<br>and<br>JOHN DOE, INC., alias | : | C.A. NO. PC 08-3409 |

## COMPLAINT

## PARTIES

1. Plaintiff, HEIDI L. WILLSON, is now and was at all times material hereto a resident of the Town of Hope, Rhode Island.

2. Plaintiff, ALAN G. WILLSON, is now and was at all times material hereto a resident of the Town of Hope, Rhode Island, and is the spouse of the Plaintiff, HEIDI L. WILLSON.

3. Upon information and belief, Defendant, HOME DEPOT U.S.A., INC., alias ABC INC., CORPORATION (hereinafter Home Depot), is and was at all times material hereto a foreign corporation duly registered to do business and doing business in the State of Rhode Island at a number of locations including but not limited to 100 Stone Hill Road, Johnston, RI, and is therefore subject to the jurisdiction of the State of Rhode Island.

4. Upon information and belief, at all times material hereto, Defendant, WYNN-HOLT EQUIPMENT CORP., alias XYZ INC., CORPORATION, (hereinafter Wynn-Holt) was

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2008 MAY -9 A 11:45

a foreign corporation and was the manufacturer of the wagon/cart that caused harm to the Plaintiffs herein and did supply said item to Defendant HOME DEPOT, thereby allowing said product to enter the stream of commerce in the State of Rhode Island thereby subjecting said Defendant to the jurisdiction of the State of Rhode Island.

5. Upon information and belief Defendant, JOHN DOE, INC., is an unknown corporation and/or business entity who has not been identified and may have designed and/or manufactured the cart/wagon that caused harm to the Plaintiffs herein, and did supply said item to Defendant, HOME DEPOT, thereby subjecting said JOHN DOE, INC. to the jurisdiction of this court.

6. On or about May 14, 2005, the Plaintiff, HEIDI L. WILLSON, was a patron/business invitee at Defendant, HOME DEPOT'S, store located at 100 Stone Hill Road, Johnston, RI and was shopping for garden goods and products.

7. On said date and at said location, Plaintiff, HEIDI L. WILLSON, made use of a cart/wagon which was provided by Defendant, HOME DEPOT, to its patrons/business invitees in order to haul garden goods/purchases within the store and to the patron's vehicles located in the parking lot at HOME DEPOT'S location.

8. At all times material hereto the Plaintiff, HEIDI WILLSON, used said cart/wagon, in the fashion for which it was designed, with due care for her safety and the safety of others and was free of negligence.

9. Upon information and belief the cart/wagon provided by Defendant, HOME DEPOT, was manufactured and supplied to Defendant, HOME DEPOT, by Defendant, WYNN-HOLT and/or Defendant, JOHN DOE, INC.

10. On said date and at said location, the cart/wagon negligently provided by Defendant, HOME DEPOT, and manufactured/supplied by Defendant, WYNN-HOLT, and/or JOHN DOE, INC., for use by patrons/business invitees such as the Plaintiff, was dangerous and/or defective in its design, manufacture and/or maintenance and said defect or defective condition did cause same to strike Plaintiff, HEIDI L. WILLSON, in the face causing severe injuries.

11. As a direct and proximate result of the negligence of the Defendants, the Plaintiff, HEIDI L. WILLSON, was severely injured, suffered pain of body and mind, was forced to incur expenses for medical attention and did suffer loss of time, earnings and earning capacity, all of which may continue into the future.

WHEREFORE Plaintiff, HEIDI L. WILLSON, demands judgment against the Defendants jointly and severally in an amount sufficient to meet the jurisdictional requirements of this Court together with interest and costs incurred in the prosecution of same.

**COUNT II**

STRICT LIABLITY (WYNN-HOLT and JOHN DOE, INC.)

12. Plaintiffs hereby incorporate by reference paragraphs 1-11 of this Complaint as if set forth in full.

13. Upon information and belief the aforementioned cart/wagon was defectively designed and/or manufactured by Defendant, WYNN-HOLT and/or JOHN DOE, INC.

14. Upon information and belief, said cart/wagon was sold and/or otherwise provided by Defendant, WYNN-HOLT and/or JOHN DOE, INC., to Defendant, HOME DEPOT, and at the time of its sale was unreasonably dangerous and unsafe for its intended and foreseeable use.

15. At the time the aforesaid cart/wagon was sold and/or otherwise provided the Defendant, WYNN-HOLT and/or JOHN DOE, INC., was engaged in the business of selling such a product.

16. On or about May 14, 2005, said cart/wagon was used by the Plaintiff, HEIDI L. WILLSON, without substantial change from the condition in which it was sold and was being used in a way for which it was intended.

17. The Plaintiff, HEIDI L. WILLSON, did not have knowledge that the cart/wagon was defective and had no notice that it was defective in its design and/or manufacture.

18. Defendant, WYNN-HOLT and/or JOHN DOE, INC., is strictly liable to the Plaintiffs for damages and/or injuries caused by the event which occurred on May 14, 2005.

19. As a direct and proximate result of the Defendants', WYNN-HOLT and/or JOHN DOE, INC's defective design and/or manufacture of the cart/wagon, Plaintiff, HEIDI L. WILLSON, suffered serious and permanent injuries, was forced to incur expenses for medical attention and did suffer loss of time, earnings and earning capacity, all of which may continue into the future;

WHEREFORE, Plaintiff, HEIDI L. WILLSON, demands judgment against Defendant WYNN-HOLT and/or JOHN DOE, INC., in a sum sufficient to meet the jurisdictional requirements of this Court, plus interest and costs incurred in the prosecution of same.

## COUNT III

20. Plaintiffs hereby incorporate by reference paragraphs 1-19 herein as if set forth in full.

21. Defendants WYNN-HOLT and/or JOHN DOE, INC., owed at all times material hereto a duty to the Plaintiffs to exercise reasonable care in the design, manufacture, assembly, distribution and sale of said cart/wagon.

22. The Defendant, WYNN-HOLT and/or JOHN DOE, INC., breached its duty to Plaintiffs in that said Defendant knew or should have known of the defective condition and risks attendant to their product but failed to provide adequate warnings, instructions and/or safety mechanisms for said defects and/or defective conditions.

23. As a result of Defendant, WYNN-HOLT'S and/or JOHN DOE, INC'S., negligence, Plaintiff, HEIDI L. WILLSON, was severely injured, suffered pain of body and mind, was forced to incur expenses for medical attention and did suffer loss of time, earnings and earning capacity, all of which may continue into the future.

WHEREFORE, Plaintiff, HEIDI L. WILLSON, demands judgment against Defendant, WYNN-HOLT and/or JOHN DOE, INC., in a sum sufficient to satisfy the jurisdictional requirements of this Court plus interest and costs incurred in the prosecution of same.

## COUNT IV

## LOSS OF CONSORTIUM

24. Plaintiff, ALAN G. WILLSON, hereby incorporates paragraphs 1-24 of this Complaint herein as if set forth in full.

25. At all times material hereto Plaintiff, ALAN G. WILLSON, was the husband of Plaintiff, HEIDI L. WILLSON.

26. As a direct and proximate result of the Defendants' combined negligence and/or breaches of duty, Plaintiff, ALAN G. WILLSON, suffered the loss of the aid, comfort and society of his wife.

WHEREFORE, Plaintiff, ALAN G. WILLSON, demands judgment against Defendants, WYNN-HOLT and/or JOHN DOE, INC., jointly and severally in a sum sufficient to satisfy the jurisdictional requirements of this Court together with interest and cost incurred in the prosecution of same.

Plaintiffs,
By their attorney,

Fred T. Polacek, Esq. (#2710)
55 Dorrance Street, Suite 200A
Providence, RI 02903
(401) 861-5662

Dated: 5-9-08